People v Glasgow (2019 NY Slip Op 01093)





People v Glasgow


2019 NY Slip Op 01093


Decided on February 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
ROBERT J. MILLER
COLLEEN D. DUFFY
HECTOR D. LASALLE, JJ.


2014-03893
 (Ind. No. 9737/12)

[*1]The People of the State of New York, respondent,
v
Luther Glasgow, appellant.


Paul Skip Laisure, New York, NY (Michael Arthus of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Thomas M. Ross of counsel; Ruby D. Andrade on the memorandum), for respondent.



DECISION & ORDER
Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Kings County (Martin P. Murphy, J.), imposed October 31, 2013, upon his plea of guilty, on the ground that the sentence was excessive.
ORDERED that the sentence is affirmed.
The defendant's purported waiver of his right to appeal was invalid (see People v Bradshaw, 18 NY3d 257; People v Brown, 122 AD3d 133) and, thus, does not preclude review of his excessive sentence claim (see People v Fuller, 163 AD3d 715, 715). Although the defendant signed a written waiver of the right to appeal, his signature did not, by itself, establish that he gave up his right to appeal knowingly, intelligently, and voluntarily (see People v Brown, 122 AD3d at 138-139). The Supreme Court conflated the waiver of the right to appeal with the defendant's waiver of his right to a trial by pleading guilty and failed to "engage in a comprehensive colloquy, which clearly places on the record the defendant's understanding of the nature of the right to appeal and the consequences of waiving it" (id. at 140). Moreover, the court failed to advise the defendant that a defendant ordinarily retains the right to appeal even after pleading guilty, nor did the court provide any explanation of the appellate process (see id. at 144-145).
However, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
MASTRO, J.P., MILLER, DUFFY and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court